PROB. 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT

for

# WESTERN DISTRICT OF TENNESSEE

## WESTERN DIVISION

U.S.A. vs. <u>EARL A. DAVIS</u>                                   Docket No.<u>2:02CR20195-001</u>

## Petition on Probation and Supervised Release

**COMES NOW** <u>FREDDIE MCMASTER II</u> **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of <u>Earl A. Davis</u> who was placed on supervision by the Honorable <u>Jon P. McCalla</u> sitting in the Court at <u>Memphis, TN</u> on the <u>31st</u> day of <u>January, 2003</u> who fixed the period of supervision at <u>three (3) years*</u>, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

The defendant shall participate as directed in a program (outpatient and/or inpatient) approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing for the detection of substance use or abuse.

*Term of Supervised Release began March 16, 2005.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**(PLEASE SEE ATTACHED)**

**PRAYING THAT THE COURT WILL ORDER** a Summons be issued for Earl A. Davis to appear before the Honorable Jon P. McCalla to answer charges of violation of Supervised Release.

| ORDER OF COURT | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| Considered and ordered this 9 day of Jan, 2006 and ordered filed and made a part of the records in the above case. | Executed on January 3, 2006 |
| Jon P. McCalla<br>United States District Judge | Freddie McMaster II<br>U.S. Probation Officer |
| | Place   Memphis, Tennessee |

PROB 12
Davis, Earl A.
Docket No. 2:02CR20195-001
Page 2

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant shall not commit another federal, state, or local crime.**

On December 9, 2005, Earl Davis was arrested and charged by the Memphis Police Department with Possession with Intent to Sell Crack/Cocaine and Reckless Driving. Detectives with the Organized Crime Unit were responding to a drug complaint on Sycamore View. Mr. Davis parked in front of 2100 Sycamore View at which time detectives approached his car and turned on their emergency lights. He pulled out of the lot at a high rate of speed swerving into traffic on Raleigh-LaGrange. During the pursuit, officers observed Mr. Davis and a female passenger throwing light colored objects out of the driver and passenger side windows. After Mr. Davis stopped the car, $1,112.00 was confiscated from the two defendants and officers found what appeared to be narcotics along the pursuit route. The substance weighed 14.4 grams and tested positive for crack cocaine. This matter is set for January 9, 2005, in Shelby County General Sessions Court.

**The defendant shall refrain from any unlawful use of a controlled substance and the defendant shall not possess a controlled substance.**

Earl Davis used a controlled substance as evidenced by a positive screen for cocaine on August 8, 2005. He voluntarily signed a statement admitting to having used cocaine on October 18, 2005.

# VIOLATION WORKSHEET

1. Defendant _____ Earl A. Davis _____ 3707 Battlefield Cv.  Memphis, TN 38128
2. Docket Number (Year-Sequence-Defendant No.) _____ 2:02CR20195-001 _____
3. District/Office _____ Western District of Tennessee (Memphis) _____

4. Original Sentence Date   __01__   __31__   __03__
                            month    day      year

*(If different than above):*

5. Original District/Office _____
6. Original Docket Number (Year-Sequence-Defendant No.) _____
7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
| --- | --- |
| New criminal conduct: Possession with Intent to Sell Cocaine | A |
| New criminal conduct: Reckless Driving | C |
| Usage of a controlled substance (cocaine) | B |
| | |
| | |

8. Most Serious Grade of Violation (see §7B1.1(b))       A
9. Criminal History Category (see §7B1.4(a))74          IV

10. Range of imprisonment (see §7B1.4(a))         | 24-30 months* |

*Being originally convicted of a Class C felony, the statutory maximum term of imprisonment is 24 months; 18 U.S.C. §3583(e)(3).

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

    { }   (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.

    { }   (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.

    {X}   (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

**Defendant**   Earl A. Davis        Docket #2:02CR20195-001

## 12. Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____N/A_____                Community Confinement _____N/A_____

Fine ($) _____N/A_____                       Home Detention _____N/A_____

Other _____N/A_____                          Intermittent Confinement _____N/A_____

## 13. Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____N/A_____ to _____N/A_____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

## 14. Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____
_____
_____
_____
_____
_____
_____
_____

## 15. Official Detention Adjustment {see §7B1.3(e)}: months _____ days _____

Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit